## Ex parte SO HAKP YON.

(District Court, W. D. Washington, N. D. September 24, 1924.)

No. 8755.

1. Aliens ⬤⟳51½, New, vol. 16A Key-No. Series—Japanese trade treaty of 1911 does not exempt wife of resident Japanese subject from operation of immigration laws.

The treaty with Japan of April 5, 1911, which grants the right to citizens or subjects of each contracting party to enter and remain in the country of the other for purposes of trade and business, contains nothing which exempts the wife of such person from the operation of Immigration Act May 26, 1924.

2. Aliens ⬤⟳51½, New, vol. 16A Key-No. Series—Alien wife of Japanese resident held not entitled to admission; "non-immigrant;" "non-quota immigrant;" "quota immigrant."

Under Immigration Act May 26, 1924, § 5, providing that "an alien who is not particularly specified in this act as a non-quota immigrant, or a non-immigrant, shall not be admitted as a non-quota immigrant or a non-immigrant by reason of relationship to any individual who is so specified," the alien wife of a Japanese resident, returning after a temporary visit abroad as a non-quota immigrant under section 4 (b); the wife not having previously been in the United States, and not being a "non-immigrant," nor a "non-quota immigrant," as defined in sections 3 and 4, is not entitled to admission by reason of the marital relationship.

Habeas Corpus. On petition of So Hakp Yon, on behalf of Youn Chuk Kim, for writ of habeas corpus. Denied.

So Hakp Yon, a resident of the United States for some time, a former subject of Korea, which is now embraced within the empire of Japan, and a merchant, departed the United States for his native country, and on March 21, 1924, was married to Youn Chuk Kim, and thereafter, with his wife, arrived at the port of Seattle July 9, 1924. He was admitted. His wife was excluded, on the ground that she was not admissible under section 13 of the Immigration Act of 1924, and on the further ground that she is afflicted with a physical disability, viz. uncinariasis (hookworm). On appeal to the Secretary of Labor, this decision was affirmed. The petitioner claims she was not given a fair trial, and prays a writ of habeas corpus.

John J. Sullivan, of Seattle, Wash., for applicant.

Donald G. Graham, Asst. U. S. Atty., of Seattle, Wash., for the United States.

NETERER, District Judge. [1] It is contended that petitioner is entitled to admission under the treaty stipulations of April 5, 1911. The court discussed the Immigration Act of 1924, with relation to Immigration Law and the Treaty of 1880 with China, etc., In re Goon Dip et al., 1 F. (2d) 811, opinion filed September 23, 1924. It was held that the Immigration Act of 1924 did not modify the provisions of the Chinese treaty, and under the prior law as construed by the court and the expressed intent of the committee in its report that such act exempts wives and minor children of American citizens, the Chinese petitioners were entitled to enter if admissible prior to the 1924 act. Section 3, Act, supra.

An "immigrant" means: "Any alien departing from any place outside the United States destined for the United States except (1) * * * (2) * * * (3) * * * (4) * * * (5) * * * (6) an alien entitled to enter the United States solely to carry on trade under and in pursuance of the provisions of a present existing treaty of commerce and navigation."

The treaty proclaimed April 5, 1911 (37 Stat. 1504), says: "The citizens or subjects of each of the high contracting parties shall have liberty to enter, travel and reside in the territories of the other to carry on trade, wholesale and retail, to own or lease and occupy houses, manufactories, warehouses and shops, to employ agents of their choice, to lease land for residential and commercial purposes, and generally to do anything incident to or necessary for trade upon the same terms as native citizens or subjects, submitting themselves to the laws and regulations there established."

This provision is readily distinguished from Article 2, Treaty of Nov. 17, 1880 (22 Stat. 826), so-called "Chinese Exclusion" treaty: "Chinese * * * merchants, * * * together with their body and household servants, * * * shall be allowed to go and come of their own free will. * * * *" This has been construed to include the wife and minor children of a Chinese merchant domiciled in the United States, and brings Chinese so related within subdivision (6), § 3, supra. In re Chung Toy Ho (C. C.) 42 F. 398, 9 L. R. A. 204; U. S. v. Mrs. Gue Lim, 176 U. S. 459, 20 S. Ct. 415, 44 L. Ed. 544. The Japanese treaty, supra, contains no provision bring-

ing the applicant within exception (6), § 3, Act of 1924, supra.

[2] A "non-quota immigrant" means: "(a) An immigrant who is the unmarried child under 18 years of age, or the wife, of a citizen of the United States who resides therein; * * * (b) an immigrant previously lawfully admitted to the United States, who is returning from a temporary visit abroad." Section 4, Act, supra.

The exception (b) covers the husband who has been admitted, but not the wife seeking admission. Petitioner clearly is not a non-quota immigrant, within (c), (d), or (e) of section 4, supra.

A "quota immigrant" means: An alien "who is not a non-quota immigrant. An alien who is not particularly specified in this act as a non-quota immigrant or a non-immigrant shall not be admitted as a non-quota immigrant or a non-immigrant by reason of relationship to any individual who is so specified or by reason of being excepted from the operation of any other law regulating or forbidding immigration." Section 5, Act, supra.

This section expressly excludes the wife, as the husband is a non-quota immigrant, and *she may not be admitted by reason of such relationship.*

Section 13, Act, supra, provides: "(c) No alien ineligible to citizenship shall be admitted to the United States unless such alien (1) is admissible as a non-quota immigrant under the provisions of subdivision (b), (d), or (e) of section 4, or (2) is the wife, or the unmarried child under eighteen years of age of an immigrant admissible under such subdivision (d), and is accompanying or following to join him, or (3) is not an immigrant as defined in section 3."

The petitioner's wife is clearly not admissible under any of the provisions of the act. The expressed purpose of the act is to fix the quota of immigrants eligible to citizenship by an explicit provision of the act, unless excepted by subdivision (6), § 3.

The treaty should be liberally construed. Asakura v. City of Seattle et al., 265 U. S. 332, 44 S. Ct. 515, 68 L. Ed. 1041. The treaty relates solely to trade and business; to leasing and occupancy of houses, warehouses, shops, and manufactories necessary for trade, etc. The 1924 act does not exclude persons engaged in such business, but does not admit an alien because of the relation to the domiciled alien in the United States, engaged in trade or business, and who is ineligible to citizenship unless belonging to the excepted class. This language is ex-

plicit, and shows an undoubted intent on the part of the Congress to admit persons under the treaty only, because of their individual status, and, so construing the act, the petitioner's wife, being ineligible to citizenship, must be excluded. The sovereignty of the United States may not be forsworn by natives of any country. The United States may admit and exclude whom it will. See In re Goon Dip et al., supra.

Writ denied.